FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 02 2009

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 4:09CR 257 BSM |
| | ) | |
| v. | ) | 18 U.S.C. §§ 1343 and 1346 |
| | ) | 18 U.S.C. § 1920 |
| STEVEN BOYLES | ) | |

## INDICTMENT

THE GRAND JURY CHARGES:

Introduction

At all times material to the indictment:

A. The United States Postal Service (hereafter USPS) was an agency of the United States Government which received, processed and delivered mail matter, among other things.

B. The defendant, Steven Boyles, was a full time USPS employee. As an employee of USPS, Boyles was subject to ethical standards which required him to conduct himself, in pertinent part, during working hours in a manner that reflects favorably upon USPS. 5 CFR 2635 and 5 CFR 7001  Under those standards, Boyles must not engage in criminal or dishonest conduct and he must be regular in his attendance at work.

C. Under USPS leave policy, Boyles was allowed to claim sick leave with pay when he was not in attendance at work due to illness.

D. Boyles was a member and officer of the Central Arkansas Area Local of the American Postal Workers Union, AFL-CIO (hereafter CAAL-APWU). CAAL-APWU had a collective bargaining agreement with USPS. Among other things, the agreement allowed USPS employees who were also CAAL-APWU officers to conduct union business and to claim pay

from USPS. Because Boyles was a USPS employee and a CAAL-APWU officer, he was allowed to claim pay for certain union activities for which he was paid by USPS

E. Under the collective bargaining agreement, a USPS union officer may take LWOP for certain union activities and be reimbursed by CAAL-APWU. Under federal law, union officers occupy positions of trust and have a duty to avoid conflicts of interest and to manage union funds and property in the best interests of the union and its members. 29, United States Code, Section 501(a). Because Boyles was a USPS employee and a CAAL-APWU officer, he was allowed to claim LWOP for certain activities and be reimbursed by CAAL-APWU.

F. USPS employees are required to clock in and out on time cards and are required to verify that their reported work time and leave time are correct. The time and leave information is stored electronically in Little Rock, Arkansas and is transmitted by wire to Eagan, Minnesota every two weeks. USPS employees are paid based upon the time and leave information transmitted. CAAL-APWU officers who are USPS employees are reimbursed by the union based upon the same time and leave information.

G. From some time in or about February 2005 and continuing through in or about December 2006, Boyles, though a full time federal employee, became an independent contractor for a private third party business wherein he served legal papers on individuals, a service provided by the third party business. The private third party business paid Boyles a fee for each paper served.

## COUNTS 1-29

## USPS WIRE FRAUD

1. PURPOSE OF THE SCHEME AND ARTIFICE.

From in or about April 2005, through in or about December 2006, the defendant,

STEVEN BOYLES,

devised a scheme and artifice to deprive the USPS of its intangible right to Boyles's honest services and devised a scheme and artifice to defraud the USPS and obtain money by means of false and fraudulent pretenses and representations.

2. SCHEME AND ARTIFICE

It was part of the scheme and artifice that the defendant would report to the USPS and verify both his regular work hours and leave time for sick leave or LWOP to conduct certain union business on behalf of CAAL-APWU which was USPS compensable. Contrary to his sick leave or LWOP claims, Boyles would in fact serve one or more legal papers for the third party private business during some part of the time claimed to have been used for USPS sanctioned leave thereby obtaining money from USPS to which he was not entitled and depriving the USPS of its intangible rights to Boyles's honest services.

3. WIRE TRANSMISSION

On or about the dates listed below, in the Eastern District of Arkansas, the defendant,

STEVEN BOYLES,

for the purpose of executing the scheme and artifice to defraud, would cause to be transmitted by wire in interstate commerce time and false and fraudulent leave payroll information from Little Rock, Arkansas to Eagan, Minnesota for payment by the USPS.

| COUNT | DATE OF TRANSMISSION | PAY PERIOD | DATES COVERED | # OF PAPERS SERVED |
|---|---|---|---|---|
| 1 | 4/29/2005 | 2005-9 | 04/16/05-04/29/05 | 1 |
| 2 | 5/13/2005 | 2005-10 | 04/30/05-05/13/05 | 1 |
| 3 | 6/24/2005 | 2005-13 | 06/11/05-06/24/05 | 2 |
| 4 | 9/2/2005 | 2005-18 | 08/20/05-09/02/05 | 1 |
| 5 | 9/30/2005 | 2005-20 | 09/17/05-09/30/05 | 1 |
| 6 | 10/14/2005 | 2005-21 | 10/01/05-10/14/05 | 1 |
| 7 | 12/23/2005 | 2005-26 | 12/10/05-12/23/05 | 6 |
| 8 | 1/6/2006 | 2006-1 | 12/24/05-01/06/06 | 1 |
| 9 | 2/17/2006 | 2006-4 | 02/04/06-02/17/06 | 1 |
| 10 | 3/3/2006 | 2006-5 | 02/18/06-03/03/06 | 1 |
| 11 | 3/31/2006 | 2006-7 | 03/18/06-03/31/06 | 1 |
| 12 | 4/14/2006 | 2006-8 | 04/01/06-04/14/06 | 1 |
| 13 | 4/28/2006 | 2006-9 | 04/15/06-04/28/06 | 1 |
| 14 | 5/12/2006 | 2006-10 | 04/29/06-05/12/06 | 3 |
| 15 | 5/26/2006 | 2006-11 | 05/13/06-05/26/06 | 3 |
| 16 | 6/9/2006 | 2006-12 | 05/27/06-06/09/06 | 13 |
| 17 | 6/23/2006 | 2006-13 | 06/10/06-06/23/06 | 17 |
| 18 | 7/7/2006 | 2006-14 | 06/24/06-07/07/06 | 12 |
| 19 | 7/21/2006 | 2006-15 | 07/08/06-07/21/06 | 14 |
| 20 | 8/4/2006 | 2006-16 | 07/22/06-08/04/06 | 6 |
| 21 | 8/18/2006 | 2006-17 | 08/05/06-08/18/06 | 36 |
| 22 | 9/1/2006 | 2006-18 | 08/19/06-09/01/06 | 31 |
| 23 | 9/15/2006 | 2006-19 | 09/02/06-09/15/06 | 6 |
| 24 | 9/29/2006 | 2006-20 | 09/16/06-09/29/06 | 11 |
| 25 | 10/13/2006 | 2006-21 | 09/30/06-10/13/06 | 8 |

| 26 | 10/27/2006 | 2006-22 | 10/14/06-10/27/06 | 17 |
| 27 | 11/10/2006 | 2006-23 | 10/28/06-11/10/06 | 24 |
| 28 | 11/24/2006 | 2006-24 | 11/11/06-11/24/06 | 8 |
| 29 | 12/8/2006 | 2006-25 | 11/25/06-12/08/06 | 1 |

All in violation of Title 18, United States Code, Sections 1343 and 1346.

## COUNTS 30-61

(CAAL-APWU WIRE FRAUD)

1. PURPOSE OF THE SCHEME AND ARTIFICE.

From in or about February 2005, through in or about August 2006, the defendant,

STEVEN BOYLES,

devised a scheme and artifice to deprive the CAAL-APWU of its intangible right to Boyles's honest services and devised a scheme and artifice to defraud the CAAL-APWU and obtain money by means of false and fraudulent pretenses and representations.

2. SCHEME AND ARTIFICE

It was part of the scheme and artifice that the defendant would report to the USPS and verify both his regular work hours and leave time for sick leave or LWOP to conduct certain union business on behalf of CAAL-APWU which was CAAL-APWU reimbursable. Contrary to his LWOP claims, Boyles would in fact serve one or more legal papers for the third party private business during some part of the time claimed to have been used for USPS sanctioned leave thereby obtaining money from CAAL-APWU to which he was not entitled and depriving the CAAL-APWU of its intangible rights to Boyles' honest services and money to which he was not entitled.

3. WIRE TRANSMISSION

On or about the dates listed below, in the Eastern District of Arkansas, the defendant,

STEVEN BOYLES,

for the purpose of executing the scheme and artifice to defraud, would cause to be transmitted by wire in interstate commerce time and false and fraudulent leave payroll information from Little Rock, Arkansas to Eagan, Minnesota for payment by the CAAL-APWU.

| COUNT | DATE OF TRANSMISSION | PAY PERIOD | DATES COVERED | # OF PAPERS SERVED |
|---|---|---|---|---|
| 30 | 2/4/2005 | 2005-3 | 01/22/05-02/04/05 | 1 |
| 31 | 3/4/2005 | 2005-5 | 02/19/05-03/04/05 | 1 |
| 32 | 4/29/2005 | 2005-9 | 04/16/05-04/29/05 | 4 |
| 33 | 5/13/2005 | 2005-10 | 04/30/05-05/13/05 | 4 |
| 34 | 5/27/2005 | 2005-11 | 05/14/05-05/27/05 | 5 |
| 35 | 6/10/2005 | 2005-12 | 05/28/05-06/10/05 | 2 |
| 36 | 6/24/2005 | 2005-13 | 06/11/05-06/24/05 | 3 |
| 37 | 7/8/2005 | 2005-14 | 06/25/05-07/08/05 | 4 |
| 38 | 7/22/2005 | 2005-15 | 07/09/05-07/22/05 | 6 |
| 39 | 8/5/2005 | 2005-16 | 07/23/05-08/05/05 | 6 |
| 40 | 8/19/2005 | 2005-17 | 08/06/05-08/19/05 | 3 |
| 41 | 9/2/2005 | 2005-18 | 08/20/05-09/02/05 | 1 |
| 42 | 9/16/2005 | 2005-19 | 09/03/05-09/16/05 | 3 |
| 43 | 9/30/2005 | 2005-20 | 09/17/05-09/30/05 | 2 |
| 44 | 10/28/2005 | 2005-22 | 10/15/05-10/28/05 | 3 |
| 45 | 11/11/2005 | 2005-23 | 10/29/05-11/11/05 | 2 |
| 46 | 11/25/2005 | 2005-24 | 11/12/05-11/25/05 | 1 |

| 47 | 12/9/2005 | 2005-25 | 11/26/05-12/09/05 | 2 |
| 48 | 12/23/2005 | 2005-26 | 12/10/05-12/23/05 | 3 |
| 49 | 1/6/2006 | 2006-1 | 12/24/05-01/06/06 | 1 |
| 50 | 1/20/2006 | 2006-2 | 01/07/06-01/20/06 | 5 |
| 51 | 2/3/2006 | 2006-3 | 01/21/06-02/03/06 | 4 |
| 52 | 2/17/2006 | 2006-4 | 02/04/06-02/17/06 | 4 |
| 53 | 3/3/2006 | 2006-5 | 02/18/06-03/03/06 | 5 |
| 54 | 3/17/2006 | 2006-6 | 03/04/06-03/17/06 | 6 |
| 55 | 3/31/2006 | 2006-7 | 03/18/06-03/31/06 | 3 |
| 56 | 4/14/2006 | 2006-8 | 04/01/06-04/14/06 | 2 |
| 57 | 5/12/2006 | 2006-10 | 04/29/06-05/12/06 | 2 |
| 58 | 5/26/2006 | 2006-11 | 05/13/06-05/26/06 | 3 |
| 59 | 6/9/2006 | 2006-12 | 05/27/06-06/09/06 | 8 |
| 60 | 7/21/2006 | 2006-15 | 07/08/06-07/21/06 | 3 |
| 61 | 8/4/2006 | 2006-16 | 07/22/06-08/04/06 | 1 |

All in violation of Title 18, United States Code, Sections 1343 and 1346.

## COUNT 62

WORKER'S COMPENSATION FRAUD

On or about January 30, 2007, in the Eastern District of Arkansas, the defendant,

STEVEN BOYLES

did knowingly and willfully falsify, conceal and coverup a material fact, and made and used a false statement in connection with an application for disability compensation, benefits, and payment under the Federal Worker's Compensation system, Title 5, Chapter 81, Sub-chapters 1 and 2 by failing to declare his employment as an independent contractor for a private third party

business on the official United States Department of Labor, "Claim for Compensation," Form CA-7 covering the period of November 28, 2006 through January 19, 2007, which he certified and submitted to the United States Postal Service and United States Department of Labor.

All in violation of Title 18, United States Code, Section 1920.

(END OF TEXT.  SIGNATURE PAGE ATTACHED).